**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

DERRICK BUTLER,

        Plaintiff,                          Case No.

                                               Hon.

v.

CHALLENGE MANUFACTURING COMPANY,

        Defendant.

---

Joseph X. Michaels (P79084)
Adam M. Taub (P78334)
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
117 N. First St. Ste. 111
Ann Arbor, MI 48013
(734) 519-0875
jmichaels@ctmlawyers.com
ataub@ctmlawyers.com

---

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Derrick Butler, by and through his attorneys, CROSON, TAUB, & MICHAELS, PLLC., hereby alleges as follows:

### INTRODUCTION

1. This is a single-Plaintiff employment race discrimination case. Plaintiff, Derrick Butler, brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.210 *et seq.*, and 42 U.S.C. § 1981, to remedy illegal discrimination by Defendant Challenge Manufacturing Company.

### PARTIES, JURISDICTION, AND VENUE

1

2. Plaintiff, Derrick Butler, is a former employee of Defendant Challenge Manufacturing Company and a resident of Holland, Michigan.

3. Defendant, Challenge Manufacturing Company ("Challenge"), is a Michigan Corporation with its principal place of business in Walker, MI.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under federal law.

5. Jurisdiction over supplemental state law claims is proper under 28 U.S.C. § 1367 as they arise from the same case and controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## STATEMENT OF FACTS

7. Plaintiff, Derrick Butler is a former Controls Engineer at Defendant's Holland, Michigan location.

8. Plaintiff is African American.

9. Defendant hired Plaintiff as a Controls Engineer in 2017, and Plaintiff performed admirably, receiving a positive performance review the only time he was evaluated.

10. At all relevant times, Plaintiff was qualified for the positions he held and performed his job diligently and competently.

11. In 2019, John Davisson became Plaintiff's manager and began to subject Plaintiff and other minorities to increased scrutiny.

12. Mr. Davisson singled Plaintiff and the only other African American employee in Plaintiff's department out for special ridicule in front of their co-workers and belittled their achievements.

13. In July 2019, Plaintiff was in his car while Mr. Davisson walked by talking to another manager. Not knowing that Plaintiff could hear him, Mr. Davisson told the other manager, "I'm getting rid of those niggers."

14. Soon thereafter, Mr. Davisson terminated the two African American Engineers.

15. To justify this discriminatory decision, Mr. Davisson created a skills "matrix" ostensibly to evaluate each engineer.

16. Mr. Davisson purposefully and discriminatory rated Plaintiff worse than his white colleagues or said Plaintiff did not have skills or experience, even where he plainly did.

17. As result of this "matrix", Mr. Davisson terminated the only two African American engineers in his department along with a poor performing Caucasian employee who was already being targeted for termination.

18. Following Plaintiff's termination due to a "reduction in force," Defendant posted controls engineer jobs—Plaintiff's job title—on sites such as Glassdoor, ZipRecruiter, and Google.

19. The real reason for Plaintiff's termination was his race; any other reason is merely pretextual.

20. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of receipt of his Notice of Right to Sue.

## CAUSES OF ACTION

### COUNT I
### Title VII Race Discrimination – Single Motive
### 42 U.S.C. § 2000e-2(a)(1)

21. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

22. At all relevant times, Defendant was an employer with greater than 15 employees, and Plaintiff was an employee covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

23. Plaintiff is a member of a protected group under Title VII due to his race (Black/African-American).

24. Defendant discriminated against Plaintiff because of his race in the terms and conditions of his employment in violation of 42 U.S.C. § 2000e-2(a)(1).

25. Defendant subjected Plaintiff to adverse employment actions up to and including termination.

26. Plaintiff's race was a motivating factor in Defendant subjecting Plaintiff to such adverse actions.

27. But for Plaintiff's race, Defendant would not have subjected Plaintiff to such adverse actions.

28. Defendant's course of conduct was done willfully and/or with reckless disregard to Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages. As a result of Defendant's conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

**COUNT II**
**Title VII Racial Discrimination – Mixed Motive**
**42 U.S.C. § 2000e-2(m)**

29. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

30. 41. At all relevant times, Defendant was an employer with greater than 15 employees, and Plaintiff was an employee covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

31. Plaintiff is a member of a protected group under Title VII due to his race (Black/African-American).

32. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of his race, even though other factors may have motivated the termination in violation of 42 U.S.C. § 2000e-2(m).

33. Defendant subjected Plaintiff to adverse employment actions up to and including termination.

34. Defendant's course of conduct was done willfully and/or with reckless disregard to Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.  As a result of Defendant's conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation

## COUNT III
### Racial Discrimination in Contracting
### 42 U.S.C. § 1981

35. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

36. By the conduct described above, Defendant intentionally deprived Plaintiff, who is African-American, of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Defendant in violation of 42 U.S.C. 1981.

37. But for Plaintiff's race, Defendant would not have ended its contractual employment relationship with Plaintiff.

38. Defendant's course of conduct was done willfully and/or with reckless disregard for Plaintiff's federally protected civil rights, entitling Plaintiff to unlimited punitive damages.

39. As a result of Defendant's unlawful conduct, Plaintiff was harmed and continues to be harmed in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## COUNT IV
### Elliott-Larsen Civil Rights Act Racial Discrimination
### M.C.L. § 37.2202(1)(a)

40. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

41. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101.

42. Plaintiff is a member of a protected group because of his race (Black/African-American).

43. Defendant subjected Plaintiff to adverse employment actions, up to and including termination.

44. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of his race in violation of M.C.L. § 37.2202(1)(a).

45. But for Plaintiff's race, Defendant would not have terminated him.

46. As a result of Defendant's unlawful conduct, Plaintiff was harmed and continues to be harmed in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff, Derrick Butler, demands judgment against Defendant as follows:

a. Compensatory damages for monetary and nonmonetary loss in whatever amount he is found to be entitled;

b. Exemplary and punitive damages in whatever amount he is found to be entitled;

c. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

d. An order of this Court reinstating Plaintiff to the position he would have if there had been no wrongdoing by Defendant;

e. An injunction of this Court prohibiting any further acts of discrimination by Defendant;

f. An award of costs, interest, and reasonable attorney fees; and

g. Whatever other equitable relief this Court finds appropriate.

Respectfully submitted,
CROSON, TAUB, & MICHAELS, PLLC

/S/ Joseph X. Michaels
Joseph X. Michaels (P79084)
Attorneys for Plaintiff
117 N. First St. Ste. 111
Ann Arbor, MI 48013
(734) 519-0875
jmichaels@ctmlawyers.com
ataub@ctmlawyers.com

Dated: December 9, 2020

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

DERRICK BUTLER,

        Plaintiff,                   Case No.

                                         Hon.

v.

CHALLENGE MANUFACTURING COMPANY,

        Defendant.

---

Joseph X. Michaels (P79084)
Adam M. Taub (P78334)
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
117 N. First St. Ste. 111
Ann Arbor, MI 48013
(734) 519-0875
jmichaels@ctmlawyers.com
ataub@ctmlawyers.com

---

## PLAINTIFF'S JURY DEMAND

Plaintiff, Derrick Butler, by and through his attorneys, CROSON, TAUB, & MICHAELS, PLLC hereby demands a trial by jury as to all issues so triable.

                                                     Respectfully submitted,
                                                     CROSON, TAUB, & MICHAELS, PLLC

                                                     /S/ Joseph X. Michaels
                                                   Joseph X. Michaels (P79084)
                                                   Attorneys for Plaintiff
                                                 117 N. First St. Ste. 111
                                                 Ann Arbor, MI 48013
                                                 (734) 519-0875
                                                 jmichaels@ctmlawyers.com
December 9, 2020                             ataub@ctmlawyers.com